# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MARCUS ALLEN MCFADDEN,  *

Plaintiff  *

v  *  Civil Action No. ELH-17-2582

CO. S. BARTON,  *
CO II D. HOFFMAN,
CO II S. BOGGS,  *

Defendants  *

\*\*\*

## MEMORANDUM

I granted summary judgment in favor of defendants and ordered this case closed on May 29, 2018. *See* ECF 19 (Memorandum Opinion); ECF 20 (Order). Thereafter, on June 8, 2018, Marcus Allen McFadden filed a notice of appeal to the Fourth Circuit. *See* ECF 21; *McFadden v. Barton, et al.,* No. 18-6662 (4th Cir. June 11, 2018).

On July 3, 2018, McFadden filed three related motions: a "Motion to Alter Judgement" (ECF 26); a "Motion to Amend Opposition to Defendants Motion To Dismiss or, in the Alternative Motion For Summary Judgment" (ECF 27); and a "Motion To Amend Complaint." ECF 28. McFadden may not amend the complaint or his opposition in a closed case. Therefore, EC 27 and ECF 28 will be denied.

In the Motion to Alter Judgment, McFadden moves pursuant to Fed. R. Civ. P. 59(e) to bring the excessive force claim raised in his Complaint pursuant to the Eighth Amendment, not the Fourteenth Amendment. ECF 26 at 2. McFadden asserts that he raised the excessive force claim only under the Fourteenth Amendment and belatedly wants to amend the Complaint in this

regard and, in consequence, to file a declaration to oppose Defendants' Motion for Summary Judgment. ECF 26 at 2-3; ECF 27; ECF 28.

McFadden's Complaint raised claims under the Eighth and Fourteenth Amendments to the United States Constitution. ECF 1 at 3. In the Memorandum Opinion, I considered the excessive force under the Eighth Amendment because the alleged use of excessive force occurred when McFadden was serving a state sentence at the Maryland Correctional Institution-Hagerstown. ECF 19 n. 1.

McFadden fails to show circumstances warranting reconsideration. Moreover, he was notified after defendants filed their motion for summary judgment that he may file a response to defendants' motion with affidavits and exhibits. ECF 13. The Court granted McFadden's subsequent motion for an extension of time to file an opposition. ECF 15. And, he responded in opposition. ECF 17.

McFadden's Motion to Alter Judgment is also untimely. A party may move to alter or amend a judgment under Rule 59(e), or for relief from a final judgment under Rule 60. *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). A motion to alter or amend filed within 28 days of judgment is analyzed under Rule 59(e). *See* Fed. R. Civ. P. 59(e). McFadden filed his Motion to Alter Judgment on July 3, 2018, more than twenty-eight days after entry of judgment. As McFadden did not date the motion (ECF 26), he derives no benefit from the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998). Therefore, Fed. R. Civ. P. 60 controls here.

However, the Motion to Alter Judgment would prove unavailing even if it were considered under Rule 59(e). The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (2002). McFadden's motion satisfies none of these standards.

I turn then, to Rule 60(b). It provides extraordinary relief and may only be invoked under "exceptional circumstances," *Compton v. Alton Steamship Co., Inc*., 608 F.2d 96, 102 (4th Cir. 1982). The moving party must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

McFadden's Motion to Alter Judgment alleges no exceptional circumstances to reconsider the Order granting defendants' motion for summary judgment motion or otherwise amend his filings in this closed case. McFadden may not request reconsideration to relitigate old matters, to raise new arguments, or to present evidence that could have been raised prior to the entry of judgment. *Pacific Insurance Co. v. American National Fire Insurance Co*. 148 F.3d 396, 403 (1998) (quoting 11 Wright, et al., *Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

The motions shall be denied. An Order follows.


Date: July 10, 2018               /s/
                                  Ellen L. Hollander
                                  United States District Judge